# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robin Deborah Novak <br> <u>Debtor</u> | CHAPTER 13 |
| MIDFIRST BANK <br> <u>Moving Party</u> <br> vs. | NO. 25-10046 DJB |
| Robin Deborah Novak <br> <u>Debtor</u> | |
| Kenneth E. West <br> <u>Trustee</u> | 11 U.S.C. Section 362 |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of May 13, 2025, the post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$8,696.12**. Post-petition funds received after May 13, 2025 will be applied per the terms of this Stipulation as outlined herein. The arrearage is itemized as follows:

   Post-Petition Payments:    February 2025 through May 2025 at $2,174.03 each
   **Total Post-Petition Arrears:    $8,696.12**

2. The Debtor shall cure said arrearages in the following manner:

   a). Beginning **June 2025** and continuing through **October 2025**, until the arrearages are cured, Debtor shall pay the present regular monthly mortgage payment of **$2,174.03** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$1,449.36** towards the arrearages on or before the last day of each month, with a final installment payment of **$1,449.32** due **November 2025**, at the address below:

   MidFirst Bank
   999 NorthWest Grand Boulevard
   Oklahoma City, OK 73118

   b). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court may enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court may enter an order granting Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date:   May 16, 2025

/s/ Denise Carlon
Denise Carlon, Esq.
Attorney for Movant

Date:   May 30, 2025

/s/ Michael A. Cibik
Michael A. Cibik, Esq.
Attorney for Debtor
No Objection

Date:   June 11, 2025

/s/ LeeAne O. Huggins
Kenneth E. West
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2025.  However, the Court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Derek J. Baker