United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 25-10046-djb |
| Robin Deborah Novak | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Jun 16, 2025 | Form ID: pdf900 | Total Noticed: 1 |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 18, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Robin Deborah Novak, 3 N Columbus Blvd, PL 263, Philadelphia, PA 19106-1407 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Jun 18, 2025 | Signature: | /s/Gustava Winters |

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 16, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| DANIELLE BOYLE-EBERSOLE | on behalf of Creditor Pier 3 Condominium Association dboyle-ebersole@hoflawgroup.com ckohn@hoflawgroup.com |
| DENISE ELIZABETH CARLON | on behalf of Creditor MIDFIRST BANK bkgroup@kmllawgroup.com |
| JOHN ERIC KISHBAUGH, I | on behalf of Creditor MIDFIRST BANK ekishbaugh@kmllawgroup.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com philaecf@gmail.com |
| KENNETH E. WEST | on behalf of Trustee KENNETH E. WEST ecfemails@ph13trustee.com philaecf@gmail.com |
| MICHAEL A. CIBIK | on behalf of Debtor Robin Deborah Novak help@cibiklaw.com noreply01@cibiklaw.com;noreply02@cibiklaw.com;noreply03@cibiklaw.com;noreply04@cibiklaw.com;noreply05@cibiklaw.com;cibiklawpc@jubileebk.net;cibiklaw@recap.email;ecf@casedriver.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

District/off: 0313-2 User: admin Page 2 of 2
Date Rcvd: Jun 16, 2025 Form ID: pdf900 Total Noticed: 1
TOTAL: 7

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Robin Deborah Novak <u>Debtor</u> | CHAPTER 13 |
| MIDFIRST BANK <u>Moving Party</u> vs. | NO. 25-10046 DJB |
| Robin Deborah Novak <u>Debtor</u> | |
| Kenneth E. West <u>Trustee</u> | 11 U.S.C. Section 362 |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of May 13, 2025, the post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$8,696.12**. Post-petition funds received after May 13, 2025 will be applied per the terms of this Stipulation as outlined herein. The arrearage is itemized as follows:

Post-Petition Payments:           February 2025 through May 2025 at $2,174.03 each
**Total Post-Petition Arrears:**     **$8,696.12**

2. The Debtor shall cure said arrearages in the following manner:

    a). Beginning **June 2025** and continuing through **October 2025**, until the arrearages are cured, Debtor shall pay the present regular monthly mortgage payment of **$2,174.03** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$1,449.36** towards the arrearages on or before the last day of each month, with a final installment payment of **$1,449.32** due **November 2025**, at the address below:

    MidFirst Bank
    999 NorthWest Grand Boulevard
    Oklahoma City, OK 73118

    b). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court may enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court may enter an order granting Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date:  May 16, 2025                    /s/ Denise Carlon
                                       Denise Carlon, Esq.
                                       Attorney for Movant

Date:  May 30, 2025                    /s/ Michael A. Cibik
                                       Michael A. Cibik, Esq.
                                       Attorney for Debtor
                                        No Objection

Date:  June 11, 2025                   /s/ LeeAne O. Huggins
                                       Kenneth E. West
                                       Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2025.  However, the Court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Derek J. Baker

**Date: June 16, 2025**